The bill was filed by the plaintiffs, as legatees under the will of Samuel Flippin, against the defendant, as executor, praying a decree for an account and payment of their legacies. The other defendants are also legatees; and the Court is further asked to declare in what proportions the several legatees shall take under this will. The will sets forth the following clauses as material to the questions submitted to the Court.
After making provisions for his wife, the will contains the following:
"Also, I will and bequeath to my daughter Mary A. Atkinson and her heirs, one tract of land lying west of Flippin and Banner's mills, the tract whereon Presley George now lives, containing 150 acres, more or less, named to her in a deed heretofore at $225. Also I will and bequeath to my dear daughter M. A. Atkinson, the tract of land whereon the said Atkinson now lives, to run with a certain ridge-road leading from Edmund Wallers to George Rogers, all the land I own on the east side of said road, valued to her at $250. The last lot of land spoken of is lying in Patrick County, Virginia, on the waters of Peters' creek.
"Also, I give and bequeath to my son Joseph T. Flippin, a certain piece or parcel of land, it being a part of the land willed to *Page 373 
Mary A. Atkinson, the land whereon the said Joseph T. Flippin (451) now lives; beginning at the upper north side of said Flippin's plantation, at a marked tree that I marked some years ago, etc., I have heretofore deeded; valued at $600.
"Also, I will and bequeath to my son John C. Flippin, a certain tract of land of 413 acres, which land I have lately deeded to him; valued at $600.
"I also will and bequeath to my son Rawley W. Flippin, a tract of land, whereon he now lives, lying and being in Patrick County, Virginia, on the waters of Peter's Creek, the upper and north end of the said old tract, valued at $400.
"Also, I will and bequeath to my son Samuel M. Flippin, the tract of land, whereon he now lives, which land, I made him a deed to not long since, and valued at $800, it being the east end part of the Lyon old tract.
"Also, I will and bequeath to Nancy M. Banner, a certain tract of land, known as the old Brickhouse tract, adjoining the lands of Henry Pell, Jesse McKinney and others, which land, I made her a deed to not long since, containing 294 1/2 acres, more or less, valued at $600.
"Also, I will and bequeath to my daughter Martha J. George, a certain piece of land, being the west end of the old Lyon tract, containing 552 acres, more or less, which land, I have lately deeded to Martha J. George and Presley George, valued at $800.
"Also, I will and bequeath to my daughter Leah W. Francis, a certain piece of land, to wit, beginning, etc., number of acres not known, though I value said tract at $800.
After some bequests of personal property to the plaintiff, Joseph T. Flippin, the will contains as follows: "In short, I only hold him bound, on a settlement, with the remainder of my heirs, for the valuation of his land, to wit, for $600."
In the devise to John C. Flippin, after a bequest of personal property, the will contains the following language: "I only hold him bound on a settlement, for the valuation of his land, to wit, $600."
In the devises to his other children, although a value is fixed (452) for each tract, the will omits to provide that the legatees shall account with his estate upon a settlement.
The will further contains the following devises of real estate: "Also, I wish this boundary, together with the mills, to be sold at my death, and the money to be equally divided between all my lawful heirs, to wit, beginning, etc."
"Also, the tract lying east of the mills, I want sold at the same time and place as the mills, and the money equally divided as heretofore mentioned." *Page 374 
The testator also loaned certain lands to his brother John Flippin for life, and after his death, to be sold and the money equally divided amonghis heirs.
Lands were also given to his wife for her life, and after her death, they were directed to be sold and the money divided in like manner.
The personal estate by this will, is disposed of as follows: "Also, I will and bequeath that all my negroes, not loaned to my wife, Mildred, be allotted and equally divided between my lawful heirs.
"Also, all the property, not otherwise disposed of, to be sold, and all debts due me to be collected and just debts paid, the remainder of money, if any, be equally divided between all my lawful heirs."
The will also directs that, after the death of his wife, the slaves and other property loaned to her be sold, and the money divided between his lawful heirs.
The will was made in 1847, and the testator died in 1852. In the interval between these dates, he made various changes in the above dispositions of his property; that is to say, the tract of land given by the will to Mary A. Atkinson, valued at $225, he conveyed by a deed of gift to Nancy Banner, together with the two tracts of land directed to be sold, and his (testator's) interest in the mills; which several parcels of land, with his interest in the mills, were valued by him at $800. The tract given to Mary Atkinson, valued at $250, was conveyed, (453) by deed of gift, to the plaintiff Rawley W. Flippin, together with that willed to him, and valued at $450, which valuation to R. W. Flippin, amounts to $700. The tract of 294 acres, valued to Nancy M. Banner at $600, was conveyed in like manner to Mary A. Atkinson, at the value of $600.
Martha J. George, one of the legatees above mentioned, died in the life-time of the testator, leaving her husband, Presley George, and one child, Robert W. George, surviving her, who are both made defendants.
Mary Atkinson also died in the life-time of the testator; her husband administered on her estate, and he, together with her children, are plaintiffs.
It is alleged by the plaintiffs, that the purpose and intention of the testator in the various dispositions of his estate by the will as well as by the deeds, was to establish entire equality among his children, and that he contemplated a general aggregation of his property, real and personal, and a contribution of the excesses to the deficiencies; they allege that, this equality was intended to be effected when the residuary fund might be divided, and that this fund, being quite large, is sufficient to cover all these inequalities, and still leave a residuum to be equally divided among the children. *Page 375 
They insist that if the defendants, or any one of them, shall refuse to bring in the advancements made them by the deeds of gift, that they be excluded from any benefit under the will, and be compelled to elect how they will claim.
The prayer is for an account and settlement of the estate upon the principles set forth by the plaintiffs. Joseph T. Flippin, John C. Flippin, Rawley W. Flippin, Braxton Atkinson, as administrator, and the children of his deceased wife, Mary, are the plaintiffs.
Lewis B. Banner, as the executor, and as legatee with his wife, Mary, under the will, and as donees under the deeds of gift, Samuel M. Flippin, John J. Francis, and his wife, Leah, Presley George, the husband of Martha J., and Robert W., his child, are made defendants. They all answered.
There were replication, commissions and proofs; and the cause being set down for hearing, was sent to this Court. (454)
No person can read the will, upon the construction of which we are called upon to give an opinion, without being at once impressed with the idea that the testator intended to make an equal division of his estate among his children. This could not well be done with regard to each particular species of property; but it is manifest that he intended that whatever inequalities there might be in the distribution of any one kind, should be corrected in the division of others. It was with that view, that he mentioned each tract of land which he had given to his children respectively, and fixed upon the sum at which it was valued; and to prevent all doubt that such was his object, he declares in a subsequent part of his will, after a bequest of some personal property to his son Joseph, that he was only to be "bound on a settlement with the remainder of the heirs for the valuation of his land, to wit, $600." A similar clause is inserted in relation to his son John; and the same declaration must, we think, be implied in the respective devises to the other children. The intention, so apparent, for an equal provision for all the children, is not in the least degree varied by the changes subsequently made by the testator, in the disposition, by deed, of certain portions of his land among some of them; and, we think, they cannot disappoint that intention by electing to claim partly under their deeds and partly under the will. The principle of the doctrine of election is, (as we have had occasion to say in the case ofMcQueen v. McQueen, ante 16,) that "one who takes a bounty under an instrument, *Page 376 
is under an obligation to give effect to the whole instrument; or rather, that the donor intended that he should not enjoy that bounty, if he disappointed that bestowed on another in the same instrument." Adams' Eq. 93. All the defendants who are of full age must, therefore, (455) be held to elect whether they will claim under or against the will. As to the defendant Robert W. George, who is an infant, there must be a reference to the master, to enquire and ascertain the value of both interests, and then the Court will direct what election shall be made for him. See McQueen v. McQueen, above cited, and the cases there referred to.
Per curiam.
A decree may be drawn in accordance with this opinion.
Cited: Robbins v. Windley, 56 N.C. 288; Elmore v. Byrd, 180 N.C. 127;Lovett v. Stone, 239 N.C. 213. *Page 377